UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

RITA MORENO,                                                    Case no.

                                    Plaintiff            **COMPLAINT**

        - against -                                      **JURY TRIAL DEMANDED**

WESTCHESTER DENTAL, P.C. and DANIELA
HIJAZIN,

                                    Defendants.

------------------------------------------------X

       Plaintiff Rita Moreno ("Plaintiff"), by and through her attorneys, Jacobs P.C., as and for her

Complaint against Defendants Westchester Dental, P.C. (the "Practice") and Daniela Hijazin ("Dr.

Hijazin") (collectively, referred to as the "Defendants"), alleges as follows:

## INTRODUCTION

       1.     Plaintiff brings this wage and hour action against Defendants asserting claims under

the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  As shown below,

Defendants are liable to Plaintiff, a loyal employee of five years.  This action is filed to redress

Defendants' grievous wrongs.

## PARTIES AND JURISDICTION

       2.     Plaintiff is and was, at all relevant times, a resident of the State of New York, County

of Westchester.

       3.     Plaintiff is a former employee of Defendants, where she held the informal title of dental

assistant.

       4.     Defendant Westchester Dental, P.C. is a professional corporation duly incorporated

under the laws of the State of New York with its principal place of business at 444 East Boston Post

Road, Mamaroneck, New York 10543 in the County of Westchester.

       5.     Defendant Daniela Hijazin is and was at all relevant times a resident of the State of

New York, County of Westchester.

6.    This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1331.

7.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b), as it is the district where Defendants conduct business and where the conduct complained of occurred.

## WAGE CLAIMS AGAINST DEFENDANTS

8.    Plaintiff was employed by Defendants for several years, during the time period of approximately June 2015 to June 2020.

9.    At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and the NYLL.  Indeed, Defendants had the power to hire and fire the Plaintiff, controlled the terms and conditions of Plaintiff's employment, and determined the rate and method of Plaintiff's compensation in exchange for her services.

10.    In each year from 2015 to 2020, upon information and belief, the Practice had a gross annual volume of sales of not less than $500,000.

11.    Moreover, because Defendants operate a dental office, they constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r-s).  Alternatively, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, during her employment with Defendants, Plaintiff regularly made telephone calls to persons located outside of the State of New York.  Moreover, numerous items that were used in the Practice on a daily basis are goods produced outside of the State of New York.

12.    Plaintiff's typical weekly work schedule that was recorded by Defendants' time clock was from 9:00 a.m. to 5 p.m. (approximately 40 hours per week).  However, Defendants would subtract one hour from Plaintiff's recorded time records (to show only 39 hours worked per workweek, when Plaintiff actually clocked in for 40-hours a week), because they had a company policy where no employee could clock out at or over 40-hours a week.

13.     When Plaintiff's employment with Defendants began, Defendants orally told the Plaintiff that her hourly rate of pay was initially $14.00 dollars per hour, but as shown below, because Plaintiff worked typically in excess of fifty (50) hours per week, Plaintiff's true hourly rate was much lower.

14.     In addition to Plaintiff's typical 40-hour workweek, Defendants assigned Plaintiff several manual tasks for which Plaintiff did not clock in or out for, which Defendants did not compensate Plaintiff for whatsoever.

15.     The manual tasks that Defendants assigned to Plaintiff that were part of her regular job duties included, without limitation the following: maintenance of the building where Defendants' office was located, such as vacuuming the two office floors, cleaning the offices, maintaining the thermostat, decorating the office, taking out the garbage, checking and reviewing the office's subtenants' rent deposits to ensure that the subtenants were paying rent, mopping the stairwells, and creating "caution" signs to prevent slip and fall accidents.

16.     In violation of the FLSA and the NYLL, Defendants never compensated Plaintiff for the hours that Plaintiff devoted to these manual tasks.

17.     In total, Plaintiff devoted approximately 15-20 additional hours per workweek to take care of these manual tasks.

18.     During the time period relevant to this action, Plaintiff worked in excess of fifty (50) hours per week performing work for Defendants for which she was not paid an overtime premium.

19.     Specifically, while Defendants set Plaintiff's normal work schedule for 40-hours per workweek, they also *required* the Plaintiff to work approximately 15-20 additional hours per workweek performing manual tasks and did not compensate Plaintiff for those hours whatsoever. Because Plaintiff was required to work in excess of 50 hours per workweek, Plaintiff was required to be paid 1.5 times her regular rate for each hour worked in excess of 40 hours per week.

20.     Defendants thus failed to compensate Plaintiff at 1.5 times her regular rate for hours

worked in excess of 40 hours per week, in violation of the FLSA and NYLL.

21.     Moreover, there were workdays in which Plaintiff worked more than ten hours during her workday, but Plaintiff was not paid an additional hour's pay at the statutory minimum wage rate, in violation of the NYLL.

22.     Defendants maintained a policy and practice of requiring Plaintiff to work in excess of 40 hours a week without paying her appropriate spread of hours pay and overtime compensation as required by the FLSA and NYLL.

23.     Plaintiff's work duties required neither discretion nor independent judgment.

24.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff regarding overtime and wages under the FLSA and NYLL.

25.     Defendants did not provide Plaintiff with an accurate statement of wages, as required by NYLL §195(3).  In fact, Defendants never provided Plaintiff with any document showing what her pay rate was or what deductions were taken from her work pay.  Instead, Plaintiff received her pay biweekly electronically via direct deposit.

26.     Defendants did not give any notice to Plaintiff of her rate of pay, the employer's regular pay day and such other information as required by NYLL §195(1).

27.     Plaintiff was damaged by Defendants' failure to comply with the notice provisions of the NYLL because she never saw a breakdown of her pay.  Plaintiff was left in the dark to guess based on Defendants' oral statements.

28.     Defendants' unlawful conduct was intentional -- they directed her to work off-the-clock -- in bad faith and caused significant damages to Plaintiff.

29.     In addition, Defendants violated NYLL §191 in that they paid Plaintiff on a biweekly basis.  Under NYLL §191, manual workers such as Plaintiff are required to be paid on a weekly basis.

30.     As set forth above, because Plaintiff spent approximately 15-20 hours per workweek

4

performing manual tasks, she spent more than 25 percent of her working hours performing manual labor.

31.     Accordingly, Plaintiff was a manual worker under NYLL 191, and is entitled to an award of liquidated damages and attorney's fees for Defendants' failure to pay her on a weekly basis.

32.     Dr. Hijazin is sued here individually as Plaintiff's employer under the FLSA and NYLL.  Specifically, Dr. Hijazin possesses operational control over the Practice, has an ownership interest in the Practice, and controls significant functions of the Practice.  Dr. Hijazin determines the wages and compensation of the employees of Defendants, including Plaintiff, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

33.     Additionally, Dr. Hijazin was the individual who personally assigned the manual tasks to Plaintiff.

34.     Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury on all issues triable by jury.

## COUNT I

## UNPAID WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Against Both Defendants)

35.     Plaintiff realleges and incorporates the previous paragraphs by reference.

36.     As set forth above, Defendants were Plaintiff's employer as defined under the FLSA.

37.     As set forth above, in addition to her 40-hour workweek, Plaintiff worked approximately 15-20 additional hours per workweek for the Defendants.  Plaintiff was not compensated for this work whatsoever in violation of the FLSA.

38.     The Defendants' violation of the FLSA was willful.

39.     Plaintiff has been damaged in an amount to be determined at trial.

**COUNT II**

**UNPAID WAGES IN VIOLATION OF NEW YORK LABOR LAW**
**(Against Both Defendants)**

40.     Plaintiff realleges and incorporates the previous paragraphs by reference.

41.     As set forth above, in addition to her 40-hour workweek, Plaintiff worked approximately 15-20 additional hours per workweek for Defendants.  Plaintiff was not compensated for this work whatsoever.

42.     Defendants' failure to pay Plaintiff in accordance with the NYLL was willful within the meaning of NYLL § 663.

43.     Plaintiff has been damaged in an amount to be determined at trial.

**COUNT III**

**UNPAID OVERTIME UNDER THE FAIR LABOR STANDARDS ACT**
**(Against Both Defendants)**

44.     Plaintiff realleges and incorporates the previous paragraphs by reference.

45.     As set forth above, Defendants are Plaintiff's employer as defined under the FLSA.

46.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff overtime compensation at a rate of one and one-half times her regular rate of pay for each hour worked in excess of forty hours in a workweek.

47.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

48.     Plaintiff has been damaged in an amount to be determined at trial.

**COUNT IV**

**UNPAID OVERTIME UNDER NEW YORK LABOR LAW**
**(Against Both Defendants)**

49.     Plaintiff realleges and incorporates the previous paragraphs by reference.

50.     Defendants, in violation of NYLL §190 et seq. and supporting regulations of the New

6

York State Department of Labor, failed to pay Plaintiff overtime compensation at a rate of one and one-half times her regular rate of pay for each hour worked in excess of forty hours in a workweek.

51.     Defendants' failure to pay the Plaintiff overtime compensation was willful within the meaning of NYLL §663.

52.     Plaintiff has been damaged in an amount to be determined at trial.

## COUNT V

### VIOLATION OF PAY FREQUENCY REQUIREMENTS UNDER NEW YORK LABOR LAW
**(Against Both Defendants)**

53.     Plaintiff realleges and incorporates the previous paragraphs by reference.

54.     As set forth in detail above, the Defendants did not pay the Plaintiff on a regular weekly basis, in violation of NYLL §191.

55.     Plaintiff has been damaged in an amount to be determined at trial.

## COUNT VI

### VIOLATION OF WAGE NOTICE REQUIREMENTS UNDER THE NEW YORK LABOR LAW
**(Against Both Defendants)**

56.     Plaintiff realleges and incorporates the previous paragraphs by reference.

57.     With each payment of wages, Defendants failed to provide Plaintiff with an accurate statement listing each of the following: the dates of work covered by each particular payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission; gross wages; deductions; allowances, if any, claimed as part of the wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

58.     Defendants are liable to Plaintiff in the amount of $5,000, together with costs and

attorneys' fees.

## COUNT VII

### <u>VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR</u>
### (Against Both Defendants)

59.     Plaintiff realleges and incorporates the previous paragraphs by reference.

60.     Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of NYLL §650 et seq. and 12 N.Y.C.R.R. §146-1.6.

61.     Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful within the meaning of NYLL §663.

62.     Plaintiff has been damaged in an amount to be determined at trial.

## <u>RELIEF REQUESTED</u>

WHEREFORE, Plaintiff Rita Moreno requests the following relief from this Honorable Court against Defendants Westchester Dental, P.C. and Daniela Hijazin:

a)  A judgment against Defendants in an amount to be determined at trial, including but not limited to back pay and front pay;

b)  A judgment for costs and attorneys' fees in favor of the Plaintiff;

c)  Awarding the Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL §198(3);

d)  Awarding Plaintiff damages for Defendants' violation of the NYLL notice provisions, pursuant to NYLL §§198(1-b), 198(1-d); and

e)  Such other relief at law or equity as the Court may deem just and proper.

Dated:   New York, New York
         November 23, 2022

                                        **JACOBS P.C.**

                          By:   */s/ Ilevu Yakubov*
                                Ilevu Yakubov (Leo Jacobs), Esq.
                                Adam Sherman, Esq.
                                595 Madison Avenue, 39th Floor
                                New York, New York 10022
                                (212) 229-0476
                                *Attorneys for Plaintiff*